UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-23419-CV-UNASSIGNED/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

290.00 ACRES OF LAND, MORE OR LESS,
IN THE COUNTY OF DADE, STATE OF FLORIDA;
and UNITED STATES OF AMERICA/MELVIN L.
BECKER, et al., and UNKNOWN OWNERS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Plaintiff's Motion to Dismiss Interested Parties **[D.E. 18]**, and Plaintiff's Joint Motion for the Entry of Stipulated Judgment as to Just Compensation. **[D.E. 19]**.

Upon review of the Motions **[D.E. 18, 19]**, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

On November 26, 2002, Plaintiff the United States of America (hereinafter "United States") filed a Complaint in condemnation pursuant to declaration of taking against the Defendant property **[D.E. 3]** and deposited the sum of $6,300.00 in the registry of the Court representing the amount of estimated just compensation for the taking of the subject property. *See* **[D.E. 1, 3]**. Upon deposit of said amount into the registry of the Court, title to the subject of property vested in the United States of America, by operation of law.

On Schedule "C" of the Complaint, the United States [1] appears as the purported owner of the subject property. *See Compl*. **[D.E. 1]** at Sch. C. Melvin L. Becker, Dorothy M. Haire, Jason Riles, and Miami-Dade County Tax Collector appear as parties "who may have or claim an interest in the land." *See* **[D.E. 1]**.

The United States filed the instant Motion **[D.E. 18],** seeking dismissals as to interested parties Jason Riles and Dorothy M. Haire **[D.E. 18]**, together with a Joint Motion for the entry of Stipulated Judgment as to Just Compensation. **[D.E. 19]**.

The subject property was originally acquired by virtue of a Quit-Claim Deed dated on September 11, 1978 and recorded on November 9, 1978 at Official Record Book Public Records-Miami Dade County (hereinafter "O.R.B.") 10205 at Page 253, conveying the subject property from Dorothy Haire (individually) and Stephen B. Fuchs (as Trustee and individually) to Melvin L. Becker. **[D.E. 18, Ex. 2].**  For a period of 22 years[2] the Beckers were the sole owners of record of the subject property.

According  to the United States, its  purported interest comes by way of a direct purchase from the Beckers *via* Warranty Deed dated August 31, 2000 (recorded on September 27, 2000) at O.R.B. 19299 Page 0806, seq., and a Corrective Warranty Deed dated April 2, 2002 (recorded on April 16, 2002) at O.R.B. 20334 Page 3841 through 3843, seq. **[D.E. 18, Ex. 3]**.

After the subject property was acquired by the United States in the year 2000, improvements were discovered on the property, namely a "hunting cabin." *See* **[D. E. 18]**. Later a determination

---

[1]The purported owner is listed as follows: United States, c/o James R. Ward, Land Acquisition Officer.

[2] From 1978 until 2000.

was made that the cabin was originally built in the 1940's and later refurbished after hurricane Andrew in 1992. *See* **[D.E. 18]**. A search for the person or persons who trespassed and built the cabin yielded only one name, a "Jason Riles," of unknown whereabouts and address.

Plaintiff claims that the Party Defendants' purported interest is as follows: Melvin L. Becker (by virtue of prior ownership of the underlying Fee), Jason Riles (by virtue of possible interest in improvements located on subject property), Dorothy M. Haire (by virtue of an easement as set forth in Quit-Claim Deed recorded in O.R.B. 8721 Page 636 and Miami-Dade County Tax Collectors (by virtue of a possible lien for real property taxes). *See Compl*. **[D.E. 1]** at Sch. C.

Service of process was executed (by way of process server) on Melvin L. Becker and Dorothy M. Haire. *See* **[D.E.10, 11].** The Miami-Dade County Tax Collector waived service. **[D.E. 9]**. Service was also attempted on Defendant Jason Riles. Mr. Riles could not be served because his place of residence and/or business could not be ascertained and/or it was beyond the territorial limits of personal service. **[D.E. 16]**. Plaintiff made further attempts to notify this Defendant by way of several publications in the Miami Daily Business Review. Fed. R. Civ. P. 71A (3)(B).[3] *See* **[D.E. 17]**.

The only Answer recorded in the court file is from the Miami-Dade County Tax Collector which asserted that the county had no further interest in this case because no taxes were owed on the

---

[3]Upon the filing of a certificate of the plaintiff's attorney stating that the attorney believes a defendant cannot be personally served, because after diligent inquiry within the state in which the complaint is filed the defendant's place of residence cannot be ascertained by the plaintiff or, if ascertained, that it is beyond the territorial limits of personal service as provided in this rule, service of notice shall be made on this defendant by publication in a newspaper published in the county where the property is located, or if there is no such newspaper, then in a newspaper having a general circulation where the property is located, once a week for no less than three successive weeks.

date of taking, i.e., November 26, 2002. *See Answer* **[D.E. 14]**.

The United States takes no position as to either entitlement or distribution of the funds in question. However, based upon its due diligence and for the reasons stated in the instant Motions **[D.E. 18, 19]** the United States argues that the court should dismiss Party Defendants, Jason Riles and Dorothy Haire, from this action. The undersigned agrees.

First, the United States is correct in asserting that the rights accruing to the purported easement issued to Dorothy M. Haire, if any, are outside of this condemnation action. The easement on the deed is the "North, East, and South 35 feet thereof, for road right of way, ingress and egress..." Schedule "B" of the Declaration of Taking lists "the Estate Taken: The fee simple title subject to:... (e) rights of others in and to an easement for road right of way and ingress and egress, as set forth in Deed, recorded July 5, 1974 in O.R.B. 8721, Page 636, Dade County, Florida."

Second, Pursuant to Fla. Stat. § 95.18[4], an individual, lacking a legal document to support a claim to the land's title, may establish adverse possession. Here, Defendant, Jason Riles, is without color of title because the title remained vested in Defendant Melvin L. Becker. To establish adverse possession without color of title, claimant must show actual, continued, open and hostile possession of property for seven years, and payment of all taxes by proper legal description for the statutory period. *Porter v. Lorene Inv. Co.,* 297 So.2d 622, 624 (Fla. 1st DCA 1974).

In the instant case, Jason Riles has not made a claim to the land's title and has never paid the

---

[4] When the occupant or those under whom the occupant claims have been in actual continued occupation of real property for seven years under a claim of title exclusive of any other right, but not found on a written instrument, judgment, or decree, the property actually occupied shall be held adversely if the person claiming adverse possession made a return of the property by proper legal description to the property appraiser of the county where it is located within one year after entering into possession and has subsequently paid all taxes and matured installments of special improvement liens levied against the property by the state, county, and municipality.

taxes. It is alleged that he had made modifications or updated the cabin but not that he had any expectation of ownership of the property. *See* **[D.E. 18]**. Moreover, the instant motions **[D.E. 18, 19]** were filed on March 26, 2008. To date, Jason Riles has not come forward nor made any claim to the just compensation.

Further, Jason Riles is not entitled to an equitable lien because he may have been fully aware of the ownership by another when he made the modifications. Thus, he would not be entitled to any compensation from the condemnation action. *See Johns v. Gillian,* 134 Fla. 575, 184, So. 140 (1938); *See also McPherson v. Redding*, 323 S. 2d 687 (Fla. 3rd DCA 1975) (holding that a party who was the undisputed legal title holder of the condemned property was entitled to the entire condemnation award as against persons who remained on property with knowledge of real state of title and continued to make improvements thereon prior to the condemnation).

On May 14, 2008, this Court entered an Order giving the parties yet another opportunity to file any opposition by May 28, 2008. *See* **[D.E. 23].** The Order clearly states "If any of the Party Defendants fail to respond to this Order, this Court will presume that they have no interest in the subject property." *Id.* No responses have been filed as of the date of this report.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that the Motion to Dismiss **[D.E. 18]** be **GRANTED**. It is **FURTHER RESPECTFULLY RECOMMENDED** that the Joint Motion for the Entry of Stipulated Judgment as to Just Compensation **[D.E. 19]** be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, Chief United States District Judge. Failure to file timely objections shall bar the parties

from attacking on appeal the factual findings contained herein. *Loconte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 26th day of June 2008.

_____
**William C. Turnoff**
**United States Magistrate Judge**

cc:   Hon. Federico A. Moreno, Chief United States District Court Judge
      Service List